UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CHUNN, | No. 2:15-cv-2662 CKD P |
| Petitioner, | |
| v. | ORDER |
| KAMALA HARRIS, | |
| Respondent. | |

Petitioner, a county jail inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner challenges his 2010 conviction in the Solano County Superior Court. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, the petition does not meet the pleading requirements of Rule 2(c).

Additionally, petitioner indicates that he is not currently in jail, on parole, or on probation, for his 2010 conviction. (ECF No. 1 at 1.) Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdiction for a federal habeas court. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978–979, quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). Second, section 2254(a) "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Baily, 599 F.3d at 980.

For the above reasons, the petition will be dismissed. Petitioner will be granted one opportunity to file an amended petition that cures the above defects. If petitioner is in jail, on parole, or on probation for the challenged conviction, he should indicate this in an amended petition.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

////

////

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

2

5. Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated: January 6, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / chun2662.114