1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER CHUNN,                          No.  2:15-cv-2662 TLN CKD P

12              Petitioner,

13        v.                                ORDER &

14   KAMALA HARRIS,                         FINDINGS AND RECOMMENDATIONS

15              Respondent.

16

17        Petitioner, a patient at Napa State Hospital, brings this federal habeas action pro se.  On

18   January 6, 2016, the original petition was dismissed with leave to amend.  (ECF No. 8.)  On

19   February 17, 2016, the undersigned issued findings and a recommendation of dismissal due to

20   petitioner's failure to timely file an amended petition.  (ECF No. 10.)  As petitioner has since

21   filed an amended petition, this recommendation will be vacated.

22        The amended petition is now before the court for screening.  Petitioner challenges a

23   January 2016 proceeding in the Solano County Superior Court that resulted in a 90-day sentence;

24   however, he further states: "All charges dropped."  (ECF No. 11 at 1.)  He indicates that he has

25   not sought review by a higher state court.  (Id. at 2.)  The factual and legal bases of petitioner's

26   claims are unclear.

27        Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the

28   petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice

1

pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 4 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Like the original petition (see ECF No. 8), the amended petition does not meet the pleading requirements of Rule 2(c). Moreover, it does not appear that petitioner has exhausted his state court remedies for any federal claims concerning the January 2016 sentence. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

As it appears that further leave to amend would be futile, the undersigned will recommend that the amended petition be summarily dismissed under Habeas Rule 4.

Therefore, IT IS HEREBY ORDERED that the February 17, 2016 recommendation of dismissal is hereby VACATED.

IT IS HEREBY RECOMMENDED that the amended petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

////

1    Petitioner is advised that failure to file objections within the specified time may waive the right to

2    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:  March 11, 2016

4

                              CAROLYN K. DELANEY

5                              UNITED STATES MAGISTRATE JUDGE

12   2 / chun2662.ap_fr

3